IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER MCPHAIL<br>Plaintiff | § | |
| | § | |
| | § | |
| V. | § | CAUSE NO. 1:14-CV-00573-LY |
| | § | |
| THE CITY OF AUSTIN, TEXAS<br>Defendant | § | |
| | § | |

**DEFENDANTS' RULE 12(b)(1)&(6) PARTIAL MOTION TO DISMISS**

TO THE HONORABLE JUDGE LEE YEAKEL:

COME NOW, the City of Austin and Marc Ott and file Defendants' Rule 12(b)(1)&(6) Partial Motion to Dismiss, in response to Plaintiff's Third Amended Petition, as follows:

**I.**
**Introduction**

Plaintiff's Original Petition filed in state court on July 25, 2012 alleged that architectural barriers in/around Lady Bird Lake violate state disability laws on accessibility at parks. To avoid dismissal, in response to Defendant's Plea to the Jurisdiction asserting defenses including governmental immunity, Plaintiff amended adding an *ultra vires* claim against the City Manager, and again amended naming Marc Ott in his official capacity. To avoid dismissal, in response to Defendants seeking an amended pleadings deadline and/or scheduling order after expiration of the discovery deadline, now almost two years later Plaintiff amends adding federal law claims.

Dismissal of state law claims is warranted for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) based on governmental immunity, ripeness, and lack of standing, as well as Rule 12(b)(6) based on failure to state a claim under either state statute, on any of the dates of alleged violations, and on dates outside the statute of limitations. Plaintiff has filed four petitions, but the defects are incurable by amendment.

## II.
## Texas Disability Laws

| | |
|---|---|
| Exhibit 1 | Attorney General Opinion, No. H-420 – Architectural Barriers |
| Exhibit 2 | Texas Architectural Barriers Act, Chapter 469 |
| Exhibit 3 | 1994 Texas Accessibility Standards |
| Exhibit 4 | 2012 Texas Accessibility Standards & Compliance & FAQ |
| Exhibit 5 | Texas Human Resources Code, Chapter 121 & Article 4419e |

## III.
## Factual Presentation

Plaintiff's suit under Texas disability laws on accessibility of public facilities alleges that Defendants "refused to eliminate architectural barriers, make reasonable accommodations, or provide accessible routes and ramps throughout the trail system, equal access to pools," etc., at Johnson Creek Trailhead, the Trail at Lady Bird Lake, and Deep Eddy Pool and Park. Plaintiff alleges that recent renovations[1] violate the Texas Architectural Barriers Act ("TABA"), Texas Human Resources Code ("THRC"), and Uniform Declaratory Judgments Act ("UDJA"), and seeks injunctive and declaratory relief, statutory penalties, attorney's fees and costs.

Defendants deny Plaintiff's allegations, but seek dismissal based on Plaintiff's factual presentation.

***Undisputed Facts***

### A. Public facilities adjoining Lady Bird Lake were built decades ago.

It is undisputed that the public facilities adjoining Lady Bird Lake were constructed many years ago. The Trail at Lady Bird Lake was originally constructed in 1971, Eiler's Park in 1936, and Deep Eddy Pool & Park in 1936. Only Johnson Creek Trailhead was newly constructed by The Trail Foundation in 2011. Plaintiff bases her claims on renovations that were allegedly made to these public facilities in 2012. *3rd Amended Petition,* ¶8.

[1] The scope of modifications pursuant to renovations is limited, not requiring accessibility of every element of a facility.

**B. Texas has two separate disability statutes regulating public facilities, one for construction and another for conduct.**

The TABA is the state disability statute applicable to construction. The THRC is the state disability statute applicable to conduct. *AG Opinion,* No. H-420 – Architectural Barriers. Exhibit 1.

1. The TABA requires that construction allow access by the disabled.

The Texas Architectural Barriers Act was enacted in 1969 by the 61st Legislature, effective January 1, 1970, and is the controlling state law on accessibility of a building or facility. *TexasGov'tCode,* Chapter 469. Elimination of Architectural Barriers. Exhibit 2. The TABA is a construction statute, and it is triggered by design and construction. The Texas Commission of Licensing and Regulation ("Commission") administers and enforces the TABA. *TABA,* §469.051(a). The Commission may waive or modify accessibility standards. *TABA,* §469.151(a).

The Texas Department of Licensing and Regulation ("Department") publishes the scope and technical specifications for compliance with the TABA. *TABA,* §469.052. The scope and technical specifications for compliance with the TABA are set forth in the Texas Accessibility Standards ("TAS").

*a. 1994 TAS is triggered by new construction.*

The original Texas Accessibility Standards for the TABA were the 1994 TAS which applied to "newly designed or newly constructed" facilities. *1994 TAS,* §4.1.1. Exhibit 3. Projects designed and permitted before March 15, 2012 must comply with the 1994 TAS if they fall within the scope of the 1994 TAS. Not every element of a building or facility was within the scope of 1994 TAS.

*b. 2012 TAS is triggered by construction permits, not construction.*

The 1994 TAS were replaced on March 15, 2012 when the 2012 TAS became effective. Exhibit 4. Projects designed and permitted after March 15, 2012 must comply with 2012 TAS. Under the "safe harbor" provision of the 2012 TAS, projects are subject to the 1994 or 2012 TAS based on the project's permit date, not the construction date. *2012 TAS,* §106.5.57. When a public facility was originally permitted before March 15, 2012, but a new construction project occurs after March 15, 2012, the existing elements of the public facility fall within the "safe harbor" provision of the 2012 TAS. Exhibit 4. The existing elements of the public facility are "grandfathered," and are not required to comply with 2012 TAS. Exhibit 4. Accordingly, a project permitted before March 15, 2012 would not be subject to the 2012 TAS, regardless of whether construction started or ended after March 15, 2012. A project permitted after March 15, 2012 would be subject to the 2012 TAS, regardless of the construction start or end date.

*c. The TABA allows over a year to come into compliance.*

An owner is responsible for inspection to ensure compliance with the TABA scope and specifications within one year of completion of construction. *TABA,* §469.105(a). The Commission may impose an administrative penalty on a building owner for violations of the TABA, but must first allow 90 days for compliance, and may extend the 90-day period. *TABA,* §469.058.

2. The THRC requires that conduct allow admission to the disabled.

The Texas Human Resources Code, Chapter 121. Participation in Social & Economic Activities, was contemporaneously enacted with the TABA in 1969. Exhibit 5. The THRC does not apply to architectural barriers because it controls admission to public facilities, not construction of public facilities. *AG Opinion,* No. H-420 – Architectural Barriers. Exhibit 1.

The THRC requires that "[n]o person with a disability may be denied admittance to any public facility in the state because of the person's disability." *Tex.HumanResourcesCode,* §121.003(c). Exhibit 5. The THRC "does not, per se, prohibit architectural designs which may amount to a barrier to a handicapped person's use of a public facility unless such design is intentionally formulated to prevent or discourage such use." *AG Opinion,* No. H-420 – Architectural Barriers. Exhibit 1.

## IV.
## Rule 12(b) Motion to Dismiss

### A. Rule 12(b)(1) Lack of Subject Matter Jurisdiction.

Rule 12(b)(1) allows a party to move to dismiss an action for lack of subject matter jurisdiction. *Fed.RulesCiv.Proc.,* Rule 12(b)(1). The court must dismiss "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). Plaintiffs must overcome an initial presumption that the federal court lacks subject matter jurisdiction, and have the burden to allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *City of Austin v. Ender,* 30 S.W.3d 590, 593 (Tex.App.—Austin 2000).

### B. Rule 12(b)(6) Failure to State a Claim.

Rule 12(b)(6) asks a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *Fed.RulesCiv.Proc.,* Rule 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal,* at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Iqbal,* at 678. Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Iqbal,* at 679. In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

## V.
## Argument & Authorities

Accepting Plaintiff's factual presentation, dismissal is warranted of all state law claims because Plaintiff has thrice amended, but the jurisdictional defects are incurable by amendment.

Rule 12(b)(1) warrants dismissal for lack of subject matter jurisdiction over TABA, THRC, and UDJA claims based on governmental immunity and discretionary acts are not *ultra vires* acts for which immunity is waived, lack of standing, and ripeness.

Rule 12(b)(6) warrants dismissal for failure to state a claim upon which relief can be granted under the THRC because it does not apply to architectural barriers, the TABA because the dates of alleged architectural barriers cannot establish violations under the statute, and the UDJA because state disability statutes are the exclusive remedy for disability claims.[2]

[2] In 2012-13, the alleged architectural barriers were removed even though compliant with state disability laws, in a spirit of inclusiveness and a continuing show of good faith to work with our disabled community.

**A. Rule 12(b)(1) warrants dismissal of all state law claims based on lack of subject matter jurisdiction.**

It is well settled that home-rule cities, like the City of Austin, are political subdivisions of the state and, as such, possess governmental immunity from suit. *Reata Const. Corp v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). This immunity, unless waived clearly and unambiguously by the legislature, bars suit against the governmental entity altogether. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

1. The court lacks jurisdiction based on the City's governmental immunity.

Plaintiff does not plead a waiver of governmental immunity, because none of the state statutes pled waive immunity from suit. Governmental immunity is not waived under either the TABA, THRC or UDJA.

*a. TABA and THRC claims are jurisdictionally barred.*

The THRC is not applicable to architectural barriers, and even if it were, "[t]here is no indication in that statute that Texas intended to waive its immunity and consent to suit." *Wion v. Thayler*, 2010WL464497 *4 (Tex.App.—Waco 2010) (affirming grant of plea to the jurisdiction based on immunity under Chapter 121). Similarly, there is no indication in the TABA that Texas intended to waive immunity and consent to suit. *Cite.* This is because the Commission "has all necessary powers to require compliance" with the TABA. *TABA*, §469.051(c). Accordingly, the court lacks subject matter jurisdiction over Plaintiff's THRC and TABA claims based on governmental immunity.

*b. UDJA claim is jurisdictionally barred.*

The declarations sought do not fall under the UDJA to overcome governmental immunity. The UDJA only provides a procedural device for the determination of controversies already within the Court's jurisdiction, and does not itself grant or create jurisdiction. *Chenault*

*v. Phillips,* 914 S.W.2d 140, 141 (Tex. 1996). The UDJA "does not enlarge a trial court's jurisdiction" and "is merely a procedural device for deciding cases already within a court's jurisdiction." *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 (Tex. 2011) (per curiam), *quoting Texas Parks and Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011).

Plaintiff's attempt to broaden the scope of the act to circumvent governmental immunity is contrary to Texas case law. The Texas Supreme Court has determined that the UDJA waives governmental immunity only when the plaintiff seeks a declaration challenging the constitutionality or validity of a statute or ordinance. The UDJA waives immunity for those claims only because Section 37.006(b) calls for the joinder of the governmental entity as a party when the validity of its statute or ordinance is challenged. *Sefzik*, 355 S.W.3d at 622 n. 3. The court has also expressly held that a governmental entity's immunity from suit is not waived for a UDJA action in which "a plaintiff seeks a declaration of his or her rights under a statute or other law." *Sefzik,* at 621; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). Plaintiff herein does not challenge the constitutionality or validity of a statute or ordinance, and merely seeks declarations that Defendants violated state disability laws, which is not within the purview of the UDJA. In *Sefzik*, the plaintiff sought a declaration that the contested case procedures promulgated by the Administrative Procedures Act entitled him to a hearing. *Sefzik,* at 620. The court found that the plaintiff was not challenging the validity of the APA, but merely challenging the state's actions under it. *Sefzik,* at 622. Accordingly, the court held that the state's immunity was not waived.

Similarly, the Dallas Court of Appeals held that a city's immunity was not waived when the plaintiff's UDJA action merely sought an interpretation of an ordinance. *City of Dallas v.*

*Texas EZPawn, L.P.*, 2013 WL 1320513 (Tex. App. –Dallas April 1, 2013, no pet. h.) (mem. op). In *Texas EZPawn*, the plaintiff sought a judicial declaration that its business did not meet the definition of an "Alternative Financial Establishment," as set out in the city's code. *EZPawn.,* at p. 2. The court reversed the trial court's decision denying the city's plea, and held that the UDJA did not waive the city's immunity because the plaintiff sought only an interpretation of the ordinance, not its invalidation. *EZPawn,* at pp. 4-7.

Although the UDJA seemingly provides broad avenues for relief, its mere invocation does not waive a governmental entity's immunity from suit and it does not provide a general waiver of immunity. *Sawyer Trust*, at 388; *see also City of Dallas v. Turley*, 316 S.W.3d 762, 768-69 (Tex. App.--Dallas 2010, pet. denied) (holding that the UDJA cannot be used to obtain a right of relief against a governmental entity for which there is no subject-matter jurisdiction).

*c. Discretionary acts are not ultra vires acts for which immunity is waived.*

To survive dismissal, Plaintiff amended adding an *ultra vires* claim against Marc Ott in his official capacity. The City Manager is appointed by the City Council and serves as the chief administrative and executive officer. *Austin City Charter,* Art. V., §1. A suit against a government employee in his official capacity is a suit against the government employer unless the claim is that the employee acted *ultra vires*. *Franka v. Velasquez,* 332 S.W.3d 367, 382 (Tex. 2011). Plaintiff's allegation that "Defendants act without legal authority and fail to perform a ministerial act," fails to identify how Marc Ott would not have authority over design or construction of City parks, because the City Manager has authority over all City facilities. *3rd Amended Petition,* ¶45. Similarly, Plaintiff fails to identify the ministerial act by which the City Manager can design and construct parks, trails, and pools, because construction of City facilities requires the exercise of deliberation and discretion.

To fall within the *ultra vires* exception to immunity, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372-73 (Tex. 2009). An *ultra vires* action is one in which the plaintiff seeks relief in an official-capacity suit against a government actor who allegedly has violated statutory or constitutional provisions by acting without legal authority or by failing to perform a purely ministerial act. *Heinrich,* at 370. "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex. 1991). "If an action involves personal deliberation, decision and judgment, it is discretionary." *City of Lancaster v. Chambers,* 883 S.W.2d 650, 654 (Tex. 1994).

The plain language of the TABA affords discretion in achieving compliance. (Sec. 469.151. Waiver or Modification Permitted. . . . the application of the standards to be irrelevant to the nature, use, or function . . . compliance with a specific standard is impractical."). Similarly, the TAS is repleat with "exceptions" from scoping requirements. (Sec. 202.2 Exceptions: "determinations of technical infeasibility and maximum extent feasible"); Sec 202.5 Exception: "variance procedures"). More importantly, state disability statutes only require "reasonable accommodation," a fact intensive determination requiring the exercise of discretion at each facility depending on everything from topography, grade, space, slope, permeability, historic significance, etc. The court lacks subject matter jurisdiction over Plaintiffs' *ultra vires* claim against Marc Ott because discretionary acts are not *ultra vires* acts for which governmental immunity is waived.

2. Ripeness is a jurisdictional bar to claims before the deadline for compliance.

Plaintiff's alleged violations in 2012 cannot be ripe based on recent renovations of facilities reopened in 2012 because an owner has one (1) year to ensure compliance with the TABA scope and specifications after construction. *TABA*, §469.105(a). Therefore, the City had until after March 15, 2013 to come into compliance at each of the facilities complained of.

Ripeness is a threshold issue that implicates subject matter jurisdiction. *Robinson*, at 756. A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass. *Patterson v. Planned Parenthood of Houston and Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). Ripeness focuses on when an action may be brought, whether the case involves uncertain or contingent future events that may not occur as anticipated, or may not occur at all. *Robinson v. Parker*, 353 S.W.3d 753, 755-56 (Tex. 2011). The essence of the ripeness doctrine is to avoid premature adjudication and to hold otherwise would be an advisory opinion, what the law would be on a hypothetical set of facts." *Robinson*, at 756. It allows the plaintiff to bring suit only if its claim has actually accrued. The plaintiff's claim is ripe to bring suit if, at the time of filing, the facts are sufficiently developed to show that an injury has occurred or is likely to occur, rather than being contingent or remote. *Waco ISD v. Gibson*, 22 S.W.3d 849, 851-52 (Tex. 2000).

3. Plaintiff's THRC claim is jurisdictionally barred due to lack of standing.

The court lacks subject matter jurisdiction over Plaintiff's THRC claim based on lack of standing. Standing is implicit in the concept of subject matter jurisdiction, and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-45 (Tex. 1993). Standing focuses on the question of who may bring an action. *Patterson*, at 442. Plaintiffs bear the burden to affirmatively demonstrate that the court has subject matter jurisdiction to hear the

case. *Tex. Ass'n of Bus.*, at 445-46. Plaintiff herein cannot meet her burden, even when the factual allegations are construed in her favor.

Although disabled, Plaintiff is not within the class of disabled persons protected by the statute, and therefore has no standing. *THRC,* §121.003(c). Exhibit 3. The THRC only protects disabled persons who have been denied admittance. Pursuant to Chapter 121, "(c) No person with a disability may be denied admittance to any public facility in the state because of the person's disability." *THRC, §121.003(c).* Plaintiff does not allege that she has been denied admittance to any City public facility. In fact, Plaintiff admits that she "routinely uses the parks, trails, and pools," she complains of, but with some difficulty due to "illegal barriers," which is a claim under the TABA, not THRC. Exhibit 1. *3rd Amended Petition,* ¶7.

Rule 12(b)(1) warrants dismissal of all claims based on lack of subject matter jurisdiction; however, Defendants argue in the alternative for dismissal of all claims under Rule 12(b)(6) as well.

**B. Rule 12(b)(6) warrants dismissal of all state law claims for failure to state a claim under the TABA, THRC or UDJA.**

Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a Rule 12(b)(6) motion. *Cite.*

1. Plaintiff fails to state a TABA claim because the statute cannot be violated outside compliance deadlines.

First, TAS is triggered by issuance of construction permits, not construction. *2012 TAS,* §105.5.57. Plaintiff bases her claims of construction in 2012 on "recent renovations of the trails and parks." *3rd Amended Petition,* ¶8. Plaintiff fails to plead any dates that construction permits were issued knowing that 2012 renovations of necessity, as a matter of logic and chronological order, were permitted well before March 15, 2012, within the "safe harbor" provision of the 2012

TAS. Exhibit 3. The existing elements of the public facility are "grandfathered," and are not required to comply with 2012 TAS. Exhibit 3. Accordingly, Plaintiff's claims lack facial plausability because each of the construction projects was permitted before 2012, and allegations of inaccessibility cannot establish violation of the TABA.

Second, an owner is responsible for inspection to ensure compliance with the TABA scope and specifications within one (1) year of completion of construction. *TABA*, §469.105(a). The Commission may impose an administrative penalty on a building owner for violations of the TABA, but must first allow 90 days for compliance, and may extend the 90-day period. *TABA*, §469.058. Plaintiff bases her claims on "many of the parks, pools, and trails that Ms. McPhail cannot access have re-opened in 2012." *3rd Amended Petition*, ¶8. Each date of inaccessibility Plaintiff alleges in violation of the TABA is in 2012, prior to expiration of the one year to come into compliance in 2013. Accordingly, Plaintiff's claims lack facial plausability because the dates of alleged inaccessibility cannot establish violation of the TABA, before the deadline for compliance.[3]

2. Plaintiff fails to state a THRC claim because she was never denied admission.

Plaintiff fails to state a claim under the THRC because she was never denied admission to any public facility. The THRC "does not purport to remove physical barriers to public facilities, rather it seeks to eliminate discriminatory policies, rules or regulations. It regulates conduct, not construction. While the discriminatory conduct proscribed by [Chapter 121] could involve the intentional erection of architectural or other physical barriers to prevent access by the physically handicapped, we do not believe that the mere existence of such barriers or the failure to remove them could serve as a basis for prosecution under that Section." It is the TABA, not the THRC,

[3] The jurisdictional defects are incurable by amendment because the alleged architectural barriers were removed.

that requires "facilities to be constructed so as to make them accessible . . . establishes detailed design criteria." *AG Opinion,* No. 410 – Architectural Barriers. Exhibit 1.

3. Plaintiff fails to state a claim covered by the UDJA.

Having failed to state claims under the TABA or THRC, the Court cannot enter declarations that the TABA or THRC were violated. Moreover, the exclusive remedy for violation of Texas disability laws is the state accessibility statutes under which Plaintiff filed suit. Plaintiff seeks statutory penalties, and "cannot circumvent governmental immunity by characterizing a suit for money damages as a declaratory judgment." *Sanders v. City of Grapevine,* 218 S.W.3d 772, 779 (Tex.App.—Fort Worth 2007, review denied). Nor can Plaintiff circumvent governmental immunity solely to recover attorney's fees or costs, which are not recoverable under the TABA or THRC.

4. Claims outside the two-year statute of limitations are barred.

If the allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007). To survive dismissal in response to Defendant's plea establishing lack of subject matter jurisdiction over claims based on architectural barriers in violation of 2012 TAS, Plaintiff added violation of 1994 TAS pre-renovation. *3rd Amended Petition,* ¶37. Plaintiff's claims based on violation of 1994 TAS pre-renovation fail because she admits that she "regularly navigates the Austin trails, parks, and pool . . . routinely uses the parks, trails, and pools in her day-to-day life." *3rd Amended Petition, ¶*6-7. Accordingly, Plaintiff knew or should have known of the alleged architectural barriers in violation of 1994 TAS pre-renovation, and such claims are outside the limitations period. Neither the TABA nor THRC contain a statute of limitations, but

courts apply the two-year limitations period for personal injury claims, warranting dismissal of any claims based on 1994 TAS. *Tex.Civ.Prac.&Rem.Code,* §16.003(a).

Accordingly, the jurisdictional defects are incurable by amendment warranting dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**VI.**
**Prayer**

Defendants pray that their motion be granted, and for attorney's fees and costs, and such other and further relief to which they may be justly entitled.

RESPECTFULLY SUBMITTED,

KAREN M. KENNARD, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

CHRIS EDWARDS
Assistant City Attorney
State Bar No. 00789276
Post Office Box 1546
Austin, Texas 78767-1546
(512) 974-2419
(512) 974-1311 [FAX]

ATTORNEYS FOR DEFENDANTS

**Certificate of Service**

This is to certify that I have served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 20th day of June, 2014.

**Via E-Service to:**
Wayne Krause Yang
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741-3438

CHRIS EDWARDS